**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-01612-KES Date: July 23, 2026

Title: Melvin Cayetano Mix Aguilar v. Warden, Adelanto ICE Processing Center, et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| | |
|---|---|
| Jazmin Dorado | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PETITIONER: None Present | ATTORNEYS PRESENT FOR RESPONDENTS: None Present |

---

**PROCEEDINGS (IN CHAMBERS): Order Requiring Petitioner and Respondents to Show Cause as to Why Sanctions Should Not Issue**

## I. BACKGROUND

On April 17, 2026, the Court confirmed in its Order Re-Setting Briefing Schedule and Denying TRO that all provisions of General Order No. 26-05 (effective April 1, 2026) "remain in effect" in this case. (Dkt. 4 at 1.) One aspect of the General Order requires "the government … [to] provide at least two court days' notice to the petitioner, his or her counsel, and the Court of its intent to remove the petitioner from the Central District of California." (Id. at 2.)

On May 22, 2026, Respondents filed a Notice of Intended Transfer, stating that ICE "served a notice of removal on the Petitioner, identifying him as scheduled for transfer on May 28, 2026." (Dkt. 8.) The notice does not say to where Petitioner would be transferred, or if/when Petitioner would be removed from the Central District of California or the United States. (See Ex. A/Dkt. 8-1 ("This letter is to inform you [Petitioner] that you are scheduled for transfer on May 28, 2026, in accordance with Final Order of Removal issued on May 13, 2026, by the Immigration Judge.").)

On July 21, 2026, Respondents filed a Notice of Removal and Suggestion of Mootness, advising that Petitioner was removed from the United States on June 13, 2026. (Dkt. 17.) The document describing the execution of the removal warrant says that Petitioner was flown on a charter flight from an airport in Arizona to an airport in Guatemala. (Id. at 6.)

## II. ORDER TO SHOW CAUSE

By **August 6, 2026**, Respondents are ordered to show cause in writing, if any they have, as to why the "Notice of Transfer" (Dkt. 8) did not violate the General Order's requirement to provide two court days' notice of any intent to remove Petitioner from the Central District of California. One purpose of the notice requirement is to ensure that Petitioner or Petitioner's counsel can raise objections to the Court or immigration authorities if ICE intends to remove someone to a dangerous or otherwise legally objectionable country. Can a notice that does not actually give notice of the intended destination satisfy that purpose?

The Court ordered Petitioner's counsel to file a further status report (Dkt. 13) and then respond to an Order to Show Cause by explaining why this case should not be dismissed (Dkt. 14), but counsel did neither. By **August 6, 2026**, Petitioner's counsel is ordered to show cause in writing, if any he has, as to why he should not be sanctioned $200 for failing to respond to these two court orders. Even if Petitioner had been removed, counsel remained counsel of record.

Initials of Deputy Clerk jd