UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MELVIN CAYETANO MIX AGUILAR,
Petitioner,
v.
WARDEN, ADELANTO ICE PROCESSING CENTER, et al.,
Respondents.

Case No. 5:26-cv-01612-KES

ORDER DENYING PETITION AS MOOT

## I. INTRODUCTION

Melvin Cayetano Mix Aguilar ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging unconstitutional detention by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). (Dkt. 1.) During the pendency of these proceedings, Respondents filed a Notice of Intended Transfer (Dkt. 8) and deported Petitioner to Guatemala on June 13, 2026 (Dkt. 17). For the reasons stated herein, the Court dismisses the petition as moot.

## II. PROCEDURAL HISTORY

The counseled habeas petition, filed on April 2, 2026, alleges the following five grounds for relief:

Ground One: Petitioner's detention constitutes a violation of his substantive due process rights because it "is based solely on unproven allegations," rendering his civil detention punitive. (Dkt. 1 at 3-4 (citing Zadvydas v. Davis, 533 U.S. 678, 690 (2001)).) Specifically, Petitioner takes issue with the Immigration Judge ("IJ")'s denial of bond based "entirely on unproven allegations contained in an arrest narrative and an uncorroborated Form I-213 gang notation" that did not result in criminal charges or a conviction. (Id. at 3.)

Ground Two: There was insufficient evidence of dangerousness to justify the IJ's decision to deny bond. (Id. at 4 (citing Addington v. Texas, 441 U.S. 418, 432-33 (1979)).)

Ground Three: The IJ failed to "consider less restrictive alternatives [such as electronic monitoring and reporting requirements] before imposing continued detention." (Id. (citing United States v. Salerno, 481 U.S. 739, 742 (1987)).)

Ground Four is not a "claim" but rather a general argument that the Petition is properly reviewable under § 2241 (id. at 4-5), and Ground Five is duplicative of his other claims (id. at 5). As for relief, the petition seeks "a constitutionally compliant bond hearing" or "immediate release under reasonable conditions of supervision." (Id. at 6.) Included in the petition is an emergency motion for a temporary restraining order, which the Court denied without prejudice for failure to comply with Federal Rule of Civil Procedure 65 and Local Rules 65-1 and 7-19.[1] (Id. at 5-6; Dkt. 4.)

On April 23, 2026, Respondents answered the petition, arguing for its dismissal on mootness grounds and because (1) the Court lacks jurisdiction under 8 U.S.C. §§ 1226(e), 1252(g), and 1252(b)(9); (2) Petitioner failed to exhaust his administrative remedies; and (3) Petitioner has not identified any due process violation. (Dkt. 6.)

---

[1] The Local Rules for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

On May 13, 2026, the Clerk issued a notice that, pursuant to General Order No. 26-05, the case is assigned to a magistrate judge for all purposes. (Dkt. 7.)

On May 22, 2026, Respondents filed a Notice of Intended Transfer stating that "ICE has served a notice of removal on the Petitioner, identifying him as scheduled for transfer on May 28, 2026, in accordance with his Final Order of Removal issued on May 13, 2026." (Dkt. 8.) The attached Notification of Removal states only: "This letter is to inform you that you are scheduled for transfer on May 28, 2026, in accordance with Final Order of Removal issued on May 13, 2026, by the Immigration Judge." (Dkt. 8-1.)

On May 27, 2026, Petitioner filed an amended, pro se § 2241 petition with new defendants and new claims relating to his warrantless arrest by ICE officers and the IJ's denial of bond. (Dkt. 9.) This petition sought immediate release and prospective relief against re-detention. (Id. at 15-16.) The Court issued an order on June 3, 2026, directing Petitioner's counsel to file a status report stating whether the amended petition should be treated as such, despite the fact that it was not submitted by counsel. (Dkt. 10.) On June 8, 2026, counsel submitted a status report clarifying that he remains attorney of record and "does not object to the Court considering the [amended petition at Dkt. 9] as a supplemental submission from Petitioner." (Dkt. 11.) The Court responded by issuing an order requiring counsel to file either a verified Second Amended Petition ("SAP") or a notice telling the Court to treat either Dkt. 1 or Dkt. 9 (but not both) as the operative petition. (Dkt. 13.)

On June 26, 2026, when Petitioner's counsel missed his deadline to file an SAP or notice, the Court issued an order to show cause ("OSC") by July 1, 2026, as to why this case should not be dismissed for lack of prosecution and/or failure to obey court orders. (Dkt. 14.) Counsel has not responded to this date.

On July 17, 2026, the Court issued an order stating that Petitioner did not appear to be in immigration custody per the ICE Online Detainee Locator System

(https://locator.ice.gov/). (Dkt. 16.) The Court required Respondents to file a status report stating whether Petitioner has been released from custody or removed from the United States, and whether his release and/or removal moots the claims raised in this action. (Id.) On July 21, 2026, Respondents complied with the Court's order by filing a Notice of Removal and suggestion of mootness. (Dkt. 17.) The attached Warrant of Removal/Deportation provides that Petitioner "entered the United States at Unknown Place on Unknown Date" and was placed on an ICE Air Operations charter flight on June 13, 2026, from Mesa Gateway Airport to La Aurora International Airport in Guatemala City. (Id. at 5-6.)

On July 23, 2026, the Court issued an order to show cause regarding sanctions against all parties. Respondents filed a response. (Dkt. 19.) The issue of sanctions will be addressed in a separate order.

## III. DISCUSSION

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). "The Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins … [the Supreme Court's] mootness jurisprudence.…" Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180 (2000). Courts "assess mootness by whether there is 'a present controversy' for which [the court] can grant relief." Garding v. Montana Dep't of Corr., 105 F.4th 1247, 1254 (9th Cir. 2024).

Removal from the United States after a federal habeas petition is filed "does not render the habeas petition moot where there are collateral consequences arising from the [removal] that create concrete legal disadvantages." Zegarra-Gomez v. I.N.S., 314 F.3d 1124, 1125 (9th Cir. 2003); see also Handa v. Clark, 401 F.3d 1129, 1132 (9th Cir. 2005) (finding petition was not moot after removal where petitioner would be ineligible to apply for reentry for ten years). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition

does not continue to present a live controversy once the petitioner is released from custody." Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (citing, inter alia, Sayyah v. Farquharson, 382 F.3d 20, 22 n.1 (1st Cir. 2004) for the proposition that a "claim [of] indefinite detention … was mooted by [a petitioner's] subsequent release"); see also Mejia v. Semaia, No. 5:25-cv-01987-SPG-AGR, 2025 WL 2633165, at *2 (C.D. Cal. Aug. 21, 2025) (citation modified) ("Claims that challenge only the petitioner's continued, indefinite detention beyond the period the removal statute authorizes are likely moot once the petitioner is removed."). When a petitioner "is no longer detained" and contends only "that his detention was unauthorized and unconstitutional," his claims for relief are moot, Yenktesh v. Holder, No. 1:10-cv-01391-MJS-HC, 2010 WL 4623883, at *1 (E.D. Cal. Nov. 4, 2010) (first citing Kaur v. Holder, 561 F.3d 957, 959 (9th Cir. 2009); then citing Abdala, 488 F.3d at 1064-65), absent some showing that he "continues to suffer actual collateral consequences of his removal," Zegarra-Gomez, 314 F.3d at 1127.

Under the Local Rules, once "a party has appeared by an attorney, the party may not thereafter appear or act pro se, except upon order made by the Court after notice to such attorney and to any other parties who have appeared in the action." L.R. 83-2.3.1. Here, even if the Court were to consider both the original, counseled petition and the amended, pro se petition, it would find that all of Petitioner's claims are premised on his initial arrest by ICE officers, the IJ's denial of bond, and the constitutionality of his continued detention. Any live controversy was resolved upon his removal. Moreover, neither petition states any collateral consequence that would justify the Court's continued jurisdiction over this matter.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that the Petition is denied as moot.

DATED: August 25, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE